IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DEMESIO E. WILSON,

    Plaintiff,

v.                                    CASE NO. 4:17cv253-RH-MJF

MARK S. INCH, in his capacity as
Secretary of the Florida Department of
Corrections;
CORIZON HEALTH, INC.;
V. CRUSE; and
A. KIRKLAND,

    Defendants.

_____/


**<u>ORDER OF DISMISSAL</u>**


      The plaintiff Demesio E. Wilson, a prisoner in the Florida Department of Corrections, asserts he suffered head and neck injuries, including neurological injuries, in a fall from an upper bunk. He asserts he received constitutionally deficient care for those injuries. He originally named four defendants. An earlier order dismissed the claims against three but did not direct the entry of judgment under Federal Rule of Civil Procedure 54(b). The fourth defendant, Corizon Health, Inc., now has moved for summary judgment. The motion is before the

court on the magistrate judge's report and recommendation, ECF No. 75, which concludes the motion should be granted. No objections have been filed.

A prison medical provider violates the Eighth Amendment when the provider is deliberately indifferent to a prisoner's serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (so holding for a correctional official). An employing corporation like Corizon can be held liable if the refusal to provide appropriate treatment stems from a corporate policy, as Mr. Wilson alleges here. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that an employing entity is liable under § 1983 for an official's constitutional violation only if the violation was based on the entity's policy or custom or if the official is one whose edicts or acts may fairly be said to represent official policy). To be deliberately indifferent, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013).

The record establishes that Corizon's employees were at most negligent in responding to Mr. Wilson's injuries, not that they were deliberately indifferent. This without more would not exonerate Corizon. Corizon could still be liable if a deliberately indifferent policy—that is, an unconstitutional policy—was a cause of

its employee's negligence and in turn of damage to Mr. Wilson. But as the report and recommendation correctly concludes, the record does not support such a claim.

Mr. Wilson says Corizon had a policy prohibiting its front-line personnel from referring a prisoner to an outside provider unless the prisoner had submitted three sick-call requests. But the record is to the contrary. Under Corizon's policy, its personnel could refer a prisoner sooner but were required to refer a prisoner if, as shown by a third sick-call request, the problem had not been resolved.

Mr. Wilson also says he was told Corizon had a policy under which slip-and-fall injuries were not treated as medical emergencies. A policy automatically prohibiting referral to an outside provider for a slip-and-fall injury would indeed show deliberate indifference. Many falls, probably most, do not require specialized treatment, but some do. Even so, the record does not indicate that Corizon in fact has such a policy or, more importantly, that any such policy affected Mr. Wilson's treatment in this case.

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's opinion to the extent consistent with this order.

2. Corizon's summary-judgment motion, ECF No. 68, is granted.

3. The clerk must enter judgment stating, "This action was resolved on motions to dismiss and for summary judgment. It is ordered that the plaintiff

Demesio E. Wilson recover nothing on his claims against the defendants Corizon Health, Inc.; V. Cruse; A. Kirkland; and Mark S. Inch in his capacity as Secretary of the Florida Department of Corrections. The claims are dismissed on the merits."

    4. The clerk must close the file.

    SO ORDERED on August 8, 2019.

                                                      s/Robert L. Hinkle
                                                      United States District Judge